UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FREDERICK R. HEEBE** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2301** |
| **ELECTROLUX PROFESSIONAL, INC.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to remand the above-captioned matter to the 22nd Judicial District Court for the Parish of St. Tammany filed by plaintiff Frederick R. Heebe ("plaintiff"). Defendant Electrolux Professional, Inc. ("defendant") opposes[2] the motion. Plaintiff did not file a reply. For the reasons that follow, the Court denies plaintiff's motion to remand.

### I. BACKGROUND

On August 20, 2024, plaintiff filed a petition for damages in St. Tammany Parish Civil District Court.[3] Plaintiff states in his petition that he "purchased two premium, handcrafted stoves/ovens from [defendant]" and that defendant warranted to him that the stoves "would be free of defects and would last for decades."[4] Nonetheless, plaintiff alleges that defects in the stoves have manifested, specifically to the pilot flames and spark igniters, which prevent him from using the stoves as intended.[5] The petition states that the pilot flames intermittently extinguish, causing

---

[1] R. Doc. No. 9.
[2] R. Doc. No. 11.
[3] R. Doc. No. 1-1, at 1.
[4] *Id.* at ¶¶ 6, 11.
[5] *Id.* ¶¶ 12–13, 16.

gas to escape into the residence.[6] Plaintiff further contends that defendant has refused to provide or sell replacement parts necessary to address the defects and has refused to remedy the problems.[7] Plaintiff therefore brings claims for redhibition, breach of contract, detrimental reliance, negligent misrepresentation, and for violations of Louisiana's Unfair Trade Practices and Consumer Protection Act.[8] Plaintiff seeks all damages suffered by him, a "[r]eturn or reduction of the price paid by [plaintiff] for the Electrolux Stoves," attorney fees, and treble damages, among other things.[9]

Defendant then removed this case to federal court based on diversity of citizenship on September 24, 2024.[10] Defendant states that plaintiff is a Louisiana resident and that defendant is incorporated in Delaware with its principle place of business in Mississippi.[11] The notice of removal states that the amount-in-controversy requirement is met[12] and attaches a receipt from when plaintiff purchased the stoves in 2008 for $186,093.00.[13]

Plaintiff subsequently filed a motion[14] to remand on October 7, 2024 arguing that the amount-in-controversy requirement for diversity jurisdiction is not met. Plaintiff attaches an undated stipulation to his motion stating that the total damages

---

[6] *Id.* ¶ 14.
[7] *Id.* ¶¶ 17, 19.
[8] *Id.* at 3–6.
[9] *Id.* ¶ 53(a)–(d).
[10] R. Doc. No. 1.
[11] *Id.* ¶¶ 4–5.
[12] *Id.* at 2–4.
[13] R. Doc. No. 1-3, at 2.
[14] R. Doc. No. 9.

he seeks do not exceed $75,000, including any penalties and attorney fees, and that he will not accept a judgment in excess of that amount.[15] The stipulation also states that plaintiff "does not seek replacement cost of the stoves, damages related to their installation, or a return of their purchase price" but instead "seeks only replacement parts to cure defects" and/or a commitment to "assist in repairing issues."[16] Plaintiff's motion argues that the amount at issue has never exceeded $75,000 and that the Court should therefore read the stipulation to clarify that the Court does not have jurisdiction.[17]

Defendant's response argues that plaintiff's stipulation is a post-removal stipulation and does not divest the Court of jurisdiction.[18] In particular, defendant argues that reading the petition, which seeks a return or reduction of the purchase price of the stoves and details other costs plaintiff incurred, together with evidence of the purchase price of the stoves, is sufficient to meet defendant's burden to demonstrate that the amount-in-controversy requirement is met.[19] It further argues that, because jurisdictional facts are assessed at the time of removal, plaintiff's post-removal stipulation does not divest this Court of jurisdiction.[20]

---

[15] R. Doc. No. 9-2, ¶¶ 6–7.
[16] *Id.* ¶¶ 3–4.
[17] R. Doc. 9-1, at 4.
[18] R. Doc. No. 11, at 1.
[19] *Id.* at 1–2.
[20] *Id.* at 4–5.

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy [exceeds $75,000] and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

The "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000," exclusive of interest and costs. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); 28 U.S.C. § 1332(a). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Franco v. Teasdale*, No. CIV.A.06-27554,

4

2006 WL 2224743, at *1 (E.D. La. Aug. 1, 2006) (Africk, J.) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).[21] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Heaverlo v. Victoria's Secret Stores*, LLC, No. CIV.A. 07-7303, 2008 WL 425575, at *2 (E.D. La. Feb. 8, 2008) (Vance, J.) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Post-removal stipulations or affidavits may likewise be considered if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. However, a "unilateral, post-removal stipulation will not deprive the removal court of jurisdiction." *Franco*, 2006 WL 2224743, at *3.

---

[21] The Court notes that plaintiffs in Louisiana "are ordinarily prohibited from specifying a monetary amount of damages in their state court petitions." *Franco*, 2006 WL 2224743, at *1. Therefore, a removing defendant in Louisiana must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

## III. ANALYSIS

The Court first considers whether it is facially apparent from the petition itself whether it is more likely than not that the amount in controversy exceeds $75,000. Plaintiff's petition does not seek a specified amount of damages. And allegations of two defective stoves are insufficient for the Court to make "common-sense inferences" that the injuries alleged in the petition meet the jurisdictional threshold. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

However, the evidence attached to defendant's notice of removal is sufficient to meet defendant's burden to demonstrate that the amount-in-controversy requirement is met. Defendant attached a receipt from when plaintiff purchased the stoves showing that the purchase price of the stoves was $186,093.00.[22] Plaintiff does not argue that this is not the receipt reflecting his purchase of the stoves at issue. Defendant points to plaintiff's petition, stating that he seeks a "[r]eturn or reduction of the price paid" for the stoves.[23] Plaintiff's petition also states that he incurred "additional expenses, including the cost of installing the Electrolux Stoves and the applicable hoods and ventilation systems" and that he seeks "[a]ll damages suffered" as well as attorney fees and treble damages.[24] Defendant's evidence along with the damages sought in the petition easily demonstrate that the amount in controversy in this case exceeds $75,000.

---

[22] R. Doc. No. 1-3.
[23] R. Doc. No. 1-1, ¶ 53(b).
[24] *Id.* ¶¶ 9, 53(a)–(d).

6

Plaintiff's stipulation is undated, and plaintiff does not argue that his stipulation existed before removal. The Court must therefore consider the document as a post-removal stipulation. Plaintiff makes a valiant effort to characterize its stipulation as merely clarifying that he "does not seek replacement cost of the stoves, damages related to their installation, or a return of their purchase price" and that he "seeks only replacement parts to cure defects" or a commitment by defendant "to assist in repairing issues."[25] But plaintiff's effort is unavailing. The plain language of plaintiff's petition seeks the damages that he now disclaims. And nothing in plaintiff's petition suggests that the damages sought are limited to replacement parts or assistance with repairs.

The Court may consider post-removal stipulations where the basis for jurisdiction is ambiguous at the time of removal. *See Gebbia*, 233 F.3d at 883. However, the Court will not allow plaintiff to manipulate this Court's jurisdiction by effectively rewriting his petition in a post-removal stipulation and framing it as merely clarifying ambiguity in the petition.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

---

[25] R. Doc. No. 9-2, ¶¶ 3–4.

New Orleans, Louisiana, October 29, 2024.

_____
　　　　　　　**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**